**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>        **v.**<br><br>**EDISON SHINO,**<br><br>        **Defendant.** | **1:03-cr-05453-LJO**<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND PROPOSED AMENDMENT 782, U.S.S.G. § 1B1.10**<br>(Doc. 459) |

Edison Shino ("Defendant") filed a motion to amend his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, U.S.S.G. § 1B1.10 in connection with his conviction for violating 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (c)(2), conspiracy to aid and abet the manufacturing of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine and 21 U.S.C. §§ 846 and 841(c)(2) and 18 U.S.C. § 2, attempted possession of pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine and aiding and abetting. Doc. 469.

## I.   FACTUAL AND PROCEDURAL HISTORY

On December 4, 2003, the government filed an indictment against Defendant and three co-defendants alleging violations of 21 U.S.C. §§  846 and 841(a)(1), (b)(1)(A), (c)(2), conspiracy to aid and abet the manufacturing of methamphetamine and to possess pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine and 21 U.S.C. §§ 846 and 841(c)(2) and 18 U.S.C. § 2, attempted possession of pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine and aiding and abetting.

1

1    Doc. 469 at 2. The government filed an amended indictment on February 3, 2005, adding a violation of

2    18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug and trafficking crime. *Id*. After a

3    jury trial, Defendant was found guilty on counts one and two but acquitted of the gun charge. Doc. 235.

4         Defendant's Presentence Report ("PSR") recommended a base offense level of 38, pursuant to

5    USSG § 2D1.1, due to the amount of methamphetamine involved. The PSR also recommended a two-

6    level enhancement for possession of a weapon. With Defendant's criminal history score, IV, the

7    recommended applicable range was 360 months to life imprisonment. Doc. 469 at 4.

8         Two of Defendant's co-conspirators were sentenced before Defendant, receiving 170 and 181

9    months respectively. Doc. 353. At Defendant's sentencing, Judge Oliver W. Wanger acknowledged that

10   the evidence showed that the pseudoephedrine that Defendant planned to purchase could have made

11   anywhere from three to eighty three kilos of actual methamphetamine. Doc. 469-1 at 26. As the

12   applicable sentencing guidelines required only 1.5 kilos of actual methamphetamines for a base offense

13   level of 38, Judge Wanger decided not to determine the exact amount of methamphetamine possessed by

14   Defendant but used 38 as a base offense level. *Id*. Judge Wanger did not apply the weapon enhancement

15   to Defendant's criminal history score and gave him a two point downward departure for acceptance of

16   responsibility. *Id*. Thus with Defendant's criminal history score, Judge Wanger determined the guideline

17   range to be 324 to 405 months. *Id*. at 29. Judge Wanger explained,

18          The Court believes that it is reasonable to create no disparity among the
            sentences…despite his background…This is a bad transaction, but I don't think
19          that a 20-year sentence is going to be an unreasonable sentence in this case
            applying the 3553 factors…I'm going to, from the level 36, I'm going to go down
20          three levels.

21

22   *Id*. Defendant was sentenced to 190 months incarceration and 60 months of supervised release or

     unsupervised if Defendant was deported. *Id*. at 32.

23

24        On November 6, 2014, Defendant filed a pro se motion to have his sentence reduced pursuant to

     18 U.S.C. § 3582(c)(2) and Amendment 782, U.S.S.G. § 1B1.10. Doc. 459. Defendant's case was

25

1  referred to the Federal Defender's Office, Doc. 460, and they subsequently filed a memorandum in

2  support of Defendant's Pro Se Motion. Doc. 469. Defendant argues that he should benefit from the

3  newly amended sentencing table, USSG 2D1.1, and simultaneously be allowed to use prior guidelines to

4  allow him to maintain the downward departed granted to him by Judge Wanger. Defendant argues that if

5  the Court calculated the amount of drugs in his possession, it would find that he had no more than 4.5

6  kilograms of actual methamphetamine which would qualify Defendant for a base offense score of 36.

7  Doc. 469 at 9. This score would be further reduced by two for acceptance of responsibility resulting in

8  an adjusted offense level of 34 and a guideline range of 210 to 262 months. Doc. 470 at 6. Defendant

9  argues that his base score should be further reduced by three points in accordance with Judge Wanger's

10  original sentence, dropping his adjusted criminal history score to 31 and a guideline range of 151 to 188

11  months. Defendant makes this argument despite the note in the current sentencing guideline that states:

12          as provided in subsection (b)(2)(A), if the term of imprisonment imposed was
            within the guideline range applicable to the defendant at the time of sentencing,
13          the court may reduce the defendant's term of imprisonment to a term that is no
            less than the minimum term of imprisonment provided by the amended guideline
14          range determined under subsection (b)(1).

15  § 1B.1.10 app. note 3 (Nov. 1, 2014). The note makes clear that the only allowable downward departure

16  is for substantial assistance to authorities. *Id*. Defendant argues that using this note, however, would

17  violate the Ex Post Facto Clause, as it severely limits Defendant's potential relief. Doc. 469 at 12.

18          The United States Attorney's Office filed oppositions to both Defendant's pro se motion and the

19  memorandum filed by the Federal Defender's Office. Docs. 462 and 470. The Government argued first

20  that the sentencing Court and the evidence show that Defendant was responsible for more than 4.5

21  kilograms of actual methamphetamine and thus he does not qualify for an amended sentence. Doc. 470

22  at 5-6. The Government further argues that even if Defendant did qualify for a reduction in sentence,

23  the current sentencing guidelines prohibit downward departures for any reason aside from substantial

24  assistance and thus Defendant's reduced guideline range would be higher than Defendant's actual

25  sentence. *Id*. at 6. Defendant filed a reply on March 6, 2015. Doc. 473.

## II. <u>ANALYSIS</u>

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 833 (2010). The Supreme Court cautions, "the court consider[s] the factors set forth in section 3553(a) and only if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal citation and quotation marks omitted).

Granting Defendant the three level downward departure in addition to the amended Guideline sentence goes against the applicable policy statements. The Court cannot allow Defendant to have his cake and eat it too by picking and choosing the pieces of the current Sentencing Guidelines that he would like to apply to his sentence. The 2014 Sentencing Guidelines, which would reduce Defendant's base offense level to 36, clearly states that further downward departures go against sentencing policy. § 1B.1.10 app. note 3. The amendment relied upon for § 3582(c)(2) relief must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is, in turn, determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10, comment. (n. 1(A)). If the amendment lowers the defendant's guideline range, the Court may resentence the defendant, but it may not sentence the defendant to a sentence that is below the bottom of the amended guideline range. *Id.* § 1B1.10(a), (b)(2)(A). The Guidelines, however, provide a limited exception to this rule and allow the court to reduce the defendant's sentence below the amended range if the original sentence imposed

1    was below the applicable guideline range because of a reduction based upon the defendant's substantial

2    assistance to authorities. *Id.* § 1B1.10(b)(2)(B). *See United States v. Wright*, 562 F. App'x 885, 887-888

3    (11th Cir.) (2014) (denying a Defendant's claim that he was entitled a resentencing below the amended

4    guideline range).

5    Defendant argues that using the language from the 2014 Sentencing Guidelines prohibiting

6    further downward departures violates the Ex Post Facto Clause. The Ninth Circuit has created a two-step

7    test to determine if there has been a violation of the Ex Post Facto Clause: (1) retroactive application of

8    a criminal law that (2) disadvantages the defendant. *United States v. Johns*, 5 F. 3d 1267, 1270 (9th Cir.

9    1993). For a Sentencing Guideline amendment to violate the Ex Post Facto Clause, the amendment must

10   present a "sufficient risk of increasing the measure of punishment attached to the covered crimes."

11   *United States v. Waters*, 771 F. 3d 679, 680 (9th Cir. 2014) (internal citations and quotation marks

12   omitted). The Ninth Circuit reasoned that if an amendment to the sentencing guideline did not increase a

13   defendant's punishment than it did not violate the Ex Post Facto clause. *Id. See also*, *United States v.*

14   *Diggs*, 768 F. 3d 643 (7th Cir. 2014) (denying a defendant a retroactive reduction as he had originally

15   received a downward departure below the amended guideline range); *United States v. Colon*, 707 F. 3d

16   1255, 1259 (11th Cir. 2013) ("So long as the effect of post-conduct amendments to the guidelines is not

17   to increase a defendant's punishment beyond what it would have been without those amendment , the

18   imposition of punishment is not more severe than the punishment assigned by law when the act to be

19   punished occurred, and there is no ex post facto problem.") (internal citations and quotation marks

20   omitted). The application of the current Sentencing Guidelines as a whole to Defendant's case may

21   prevent him from benefitting from the reduction base offense level for drug related crimes, but because

22   it does not enforce a harsher punishment it does not violate the Ex Post Facto Clause.

23   Like Judge Wanger, it is unnecessary for the Court to determine the amount of drugs in

24   Defendant's possession, as even if it were less than 4.5 kilograms of actual methamphetamine,

25   Defendant would not qualify for resentencing.

1    The Court commends Defendant on his many accomplishments while in prison, including

2 earning his GED and completing his Drug Education courses. The Court's denial of Defendant's request

3 is in no way a reflection of Defendant's character but rather a matter of law.

4    Because Petitioner has no basis for seeking a reduction, his motion is DENIED.

5

6                                **III. CONCLUSION AND ORDER**

7 For the reason discussed above, this Court:

8        1.    DENIES Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. §

9 3582(c)(2).

10

11 IT IS SO ORDERED.

12  Dated:   **March 30, 2015**              **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25